## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **VINCENT ROGERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:08-0188 |
| | ) | |
| **T.R. CRAIG, Warden,** | ) | |
| **FCI Beckley, West Virginia,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### **PROPOSED FINDINGS AND RECOMMENDATION**

On March 21, 2008, Petitioner[1] filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleged that he would qualify for placement in a community re-entry center on April 24, 2008, but such placement would not occur due to an unlawful detainer against Petitioner.[3] (Id.) Specifically, Petitioner states as follows:

---

[1] Petitioner pled guilty in the United States District Court for the Northern District of Georgia to the offense of to "Conspiracy to Possess with the Intent to Distribute At Least 1 Kilogram of Heroin, MDMA, and at least 5 Kilograms of Cocaine" in violation of 21 U.S.C. § 846. On March 20, 2007, the District Court sentenced Petitioner to a 24 month term of imprisonment to be followed by a five year term of supervised release. Petitioner did not appeal his conviction. *United States v. Rogers*, Case No. 1:05-cr-311-13-ODE-SS (N.D.Ga. Mar. 20, 2007). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 7, 2008.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] To the extent Petitioner is challenging the detainer, the undersigned notes that the Court in the State that issued the process which is the basis for the detainer is usually the more convenient forum. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 498 - 99, 93 S.Ct. 1123, 1131 - 32, 35 L.Ed.2d 443 (1973).

(a) Ground One: There is an unlawful detainer lodged against me; and the Warden cannot execute my federal sentence lawfully because of it. Specifically, on March 15, 2007, the undersigned was sentenced in the United States District Court of Atlanta, Georgia, to serve 24 months in federal prison due to his violations of the federal drug statutes. See USA v. Rogers, Case No. _____ (N.D. Georgia 2007). Next, on May 31, 2007, he was designated to the Federal Correctional Institution in Beckley, West Va. Upon arrival he was interviewed for participation in the 500 hour residential drug abuse treatment program and was determined to be eligible to receive up to one year sentence reduction by the director of the Federal Bureau of Prisons pursuant to title 18 U.S.C. 3621(e)(2)(B). Notwithstanding the fact that he could not, in fact, complete both components of this program, prior to petitioner's outdate. And on November 30, 2007, Petitioner received a team review informing him that he had no known detainers. (Ex. 1.) However, Petitioner knew such information to be incorrect and incomplete. So he informed the Warden of a pending indictment lodged against him in Fulton County, Georgia. And on July 12, 2007, Petitioner filed, by private counsel, a notice of place of imprisonment and request for disposition of indictment, information or complaints in the Superior Court of Fulton County Georgia. (Ex - 2.) Thereby, involving his right to a fast and speedy trial under the federal constitution.

Petitioner started the drug program on July 23, 2007 (which consists of 10 months of residential treatment, in prison, followed by six months mandatory "aftercare" in a community re-entry center ("CRC") halfway house or home confinement program. Prior to completing the program and the receiving of his statutorily entitlement to an individualized determination to receive up to one year sentence reduction pursuant to U.S.C. 3621(e)(2)(B). However, Petitioner would be released on his projected release date of August 7, 2008, regardless, prior to completing said program. (Ex. 1.)

[On] July 14, 2007, said private counsel addressed a letter correspondence to the Warden, herein, notifying the same of petitioner's invocation of rights pursuant to the interstate agreements on Detainers Act (IADA) codified at 18 U.S.C. App. 2, and W. Va. Code 62-14-1 and O.C.G.A. 42-6-20; thereby requesting performance of the duty of the custodian thereto. (Ex. 3.) Whereof, on August 13, 2007, the Warden mailed a Detainer Action Letter to the State of Georgia authorities requesting disposition of said action or release of interest, thereof. (Ex. 4.)

Thus, on February 14, 2008, said private counsel filed a motion to dismiss, in said State courts, requiring mandatory dismissal of said indictment(s) under the IADA. after passage of 180 days notification from July 12, 2007. (Ex. 2.) (Ex. 5.) Wherefore, petitioner is doubtlessly entitled to be delivered. Notwithstanding the State court's refusal to timely grant private counsel's motion to demurrer. Thereby leaving the undersigned no other remedy at law. As he is scheduled to graduate the residential component of the drug program on April 24, 2008. And said private counsel likely shall fail to get a hearing on the demurrer, prior to this date, due to

>     downtown Atlanta, Georgia, having been declared to be in a state of emergency from
>     severe weather causing a natural disaster there, the week of March 15, 2008. And
>     prison officials will not file necessary CRC placement request until this unlawful
>     detainer be declared unenforceable as a matter of law. So petitioner can proceed
>     directly to CRC placement "after-care" on April 24, 2008, without any unlawful
>     delays.

(Id., pp. 7 - 9.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

>     An incarcerated convict's (or a parolee's) challenge to the validity of his conviction
>     always satisfies the case-or-controversy requirement, because the incarceration (or
>     the restriction imposed by the terms of the parole) constitutes a concrete injury,
>     caused by the conviction and redressable by invalidation of the conviction. Once the
>     convict's sentence has expired, however, some concrete and continuing injury other

> than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[4] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to

---

[4] Furthermore, Petitioner acknowledges that he has not exhausted his administrative remedies concerning the above claim. Specifically, Petitioner states as follows: "Due to proximity to release use of administrative remedies would obviously be futile; as petitioner is ripe for remedy." (Document No. 2, p. 5.)

file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 12, 2009.

R. Clarke VanDervort
United States Magistrate Judge